IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WILLIAM HENRY STARRETT, JR.,** §<br>Plaintiff, §<br>§<br>v. §<br>§<br>**U.S. DEPARTMENT OF DEFENSE, et al.,** §<br>Defendants. § | Civil Action No. 3:18-CV-2851-M-BH |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management. Based on the relevant filings and applicable law, the case should be **DISMISSED** *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

### I. BACKGROUND

On October 25, 2018, William Henry Starrett, Jr. (Plaintiff) filed this *pro se* lawsuit against multiple departments within the United States government and military, and several large corporations (collectively, Defendants) alleging multiple violations of the United States Constitution under 42 U.S.C. §§ 1983 and 1985, and 34 U.S.C. § 12601; numerous violations of federal civil and criminal laws; violations of the Texas Constitution, Texas Penal Code, and Texas Business and Commerce Code; as well as state law tort claims. (*See* doc. 3 at 1-5, 62-159.)[1] He seeks injunctive and declaratory relief, "compensatory, assumed, statutory, and punitive damages", and attorney's fees under 42 U.S.C. § 1988. (*Id.* at 160-62.)

In his complaint, Plaintiff asserts 73 specific causes of action based on allegations that Defendants conspired to forcefully use him as a test subject for military exercises and mind

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

experiments. (*Id*. at 2-3, 10-18, 23-30, 62-159.)  He alleges that he has been "remotely involved in training, operations, research, and development" without his knowledge or consent. (*Id*. at 10.) According to Plaintiff, Defendants targeted him with a "Remote Neural Monitoring" system that uses "electro-optical energy like lasers to measure brain activity and sensory nerve impulses," harassed him using "Voice to Skull" technology to broadcast "overbearing human voices and loud electronic noise . . . directly to his head, ear structures and auditory nerves," and monitored and controlled his thoughts, movements, sleep, and bodily functions (*Id*. at 11-12, 24-34.) Plaintiff was allegedly "told by his remote harassers" that he was a target of United States government "sanctioned 'Jade Helm 15' exercises." (*Id*. at 20.)

Plaintiff previously filed suit against Defendants[2] based on identical allegations in *Starrett v. Lockheed Martin Corp.*, No. 3:17-CV-00988-D-BT, 2018 WL 1399177 (N.D. Tex. Mar. 9, 2018), *adopted by*, 2018 WL 1383398 (N.D. Tex. Mar. 19, 2018).  In that case, the court found that Plaintiff's claims were frivolous and "clearly baseless because they [were] fanciful, fantastic, or delusional." *Id*. at *3.  Although the court found that dismissal for failure to state a claim upon which could be granted was appropriate, it ultimately recommended dismissal of Plaintiff's claims without prejudice based on a lack of subject-matter jurisdiction. *Id*. at *3–5.

As in that case, Plaintiff also fails to state a claim upon which relief may be granted against Defendants in this suit, and his case should be *sua sponte* dismissed with prejudice.

## II.  RULE 12(b)(6)

It is well-established that a district court may dismiss a complaint on its own motion under

---

[2] Plaintiff names the same defendants as in his prior lawsuit, but adds the United States Department of Justice. (*See* doc. 3 at 1, 6-9.)

Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may granted. *See Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). Although a court may dismiss a complaint on its own motion, the process for doing so must be fair. *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A Wright & Miller, Fed. Practice and Procedure § 1357, at 301 (2d ed. 1990)). This requires notice of the intent to dismiss and an opportunity to respond. *Id.* "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-0082-N (BH), 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012) (citing *Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)), *adopted by*, 2013 WL 55669 (N.D. Tex. Jan. 4, 2013).

**A.    Legal Standard**

Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[3] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "*[P]ro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even

---

[3] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

As found in the prior suit, Plaintiff's claims against Defendants based on an alleged conspiracy to target him for military exercises and to remotely control his brain and body functions are frivolous because they are "fanciful, fantastic, or delusional." *Starrett*, 2018 WL 1399177, at *3; *see Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989) (a claim is frivolous if it lacks either an arguable basis in law because it is "based on an indisputably meritless legal theory" or an arguable basis in fact because it describes "fantastic or delusional scenarios."); *see also Denton v.*

4

*Hernandez*, 504 U.S. 25, 32–33 (1992) (a claim is "factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional"). Because he fails to state a plausible claim upon which relief may be granted against Defendants, Plaintiff's complaint should be dismissed on the Court's own motion under Rule 12(b)(6). *See Simmons v. Payne*, 170 F. App'x 906, 907–08 (5th Cir. 2006) (district court did not abuse its discretion by finding that the assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional); *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *see also Marshall v. Stengel*, 3:10CV-159-S, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010) (finding allegations of conspiracy to cover up the wrongful actions of a multitude of state and federal officials, who had been targeting, terrorizing, and tormenting the plaintiff for numerous years, to be fantastic and delusional).

**B.     Opportunity to Amend**

"'Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend.'" *Amanduron v. Am. Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011) (quoting *Bazrowx*, 136 F.3d at 1054). Where a court finds that the plaintiff has alleged his or her best case, however, dismissal with prejudice without an opportunity to amend is appropriate. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, an opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 F. App'x 306, at *1 (5th Cir. 2011) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)).

5

In this case, Plaintiff alleges for the second time a fantastic and delusional scenario that cannot be remedied by an opportunity to amend or further factual development. An opportunity to amend is therefore unwarranted, and his complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Plaintiff's claims should be *sua sponte* **DISMISSED** with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED**, this 30th day of October, 2018.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE